THE LONG ISLAND RAILROAD COMPANY, Respondent, *v.* JOHN ADIKES and Others, Appellants, Impleaded with the PEOPLE OF THE STATE OF NEW YORK, Respondent, and JOHN O'DONNELL and Others, Defendants.

Second Department, November 24, 1922.

Taxation — tax sales — right to award to unknown owners made in condemnation proceedings — land of non-resident in town of Jamaica, Queens county, sold to appellants for taxes in 1877 — Laws of 1873, chap. 135, as amended by Laws of 1876, chap. 261, applicable — tax lease was presumptive evidence of regularity up to date of its execution — in absence of rebutting evidence showing failure to comply with statute, presumption raised by lease must control — State not interested in absence of proof that original owner died without heirs.

The appellants established good title to land in the town of Jamaica, Queens county, which was taken in condemnation proceedings, and are entitled to the award made therein to unknown owners, where it appears that the land was originally the property of a non-resident owner and was sold to the appellants at a tax sale on September 10, 1877, and the tax lease was given by the county treasurer on December 27, 1878; that since that time the appellants have been in undisputed possession; that a certificate of the county treasurer was not produced showing that affidavits of the mode and manner of service of the notice on the original owner by the appellants with a copy of the notice were not on file as required by chapter 135 of the Laws of 1873, as amended by chapter 261 of the Laws of 1876, which statutes govern this case.

The provision in said statute that the tax lease, to which the purchaser is entitled if the land be not redeemed, is " presumptive evidence that such tax was legally imposed, and that the proceedings and sale were regular " means, that the

---

* Since amd. by Laws of 1922, chap. 420.— [REP.

presumption of regularity attaches to the proceedings up to the date of the giving of the lease, and in the absence of rebutting evidence to show that the statute was not complied with, such presumption must control. Since there was no rebutting evidence in this case, the presumption raised by the lease must control.

*It seems,* that the State of New York has no standing in this case because there is no evidence that the original owner died without leaving heirs, and, therefore, no evidence that the property escheated to the State.

APPEAL by the defendants, John Adikes and others, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 4th day of January, 1921, denying their motion to overrule the exceptions filed by the People of the State of New York and to confirm the report of a referee.

*William Van Wyck* [*Augustus Van Wyck* with him on the brief], for the appellants.

*Robert P. Beyer, Deputy Attorney-General* [*Charles D. Newton, Attorney-General,* with him on the brief], for the respondent the People of the State of New York.

BLACKMAR, P. J.:

The question before us involves the validity of tax titles to certain lands in the town of Jamaica, Queens county. The land was condemned by the Long Island Railroad Company. An award of $4,800, increased by an extra allowance of $240, was made to unknown owners and is claimed by the appellants. They base their claim upon tax titles to the land. The tax sales were made on the 10th day of September, 1877, and the leases were given by the county treasurer on the 27th day of December, 1878. Since that time the appellants have been in undisputed possession of the land, having erected buildings thereon and continuously paid taxes. The owner of the land against whom the taxes were laid was John O'Donnell, and it was found by the referee that O'Donnell had disappeared in 1865 and had not been heard of since 1870. The claim of the appellants is resisted by the Attorney-General of the State of New York.

The tax sales were made under chapter 135 of the Laws of 1873 and various provisions of statutory law amendatory thereof.

The question before us concerns the regularity of the tax sales, or, rather, the proceedings subsequent to the tax sale and before the leases. It is claimed by the Attorney-General that the title is defective in that it does not appear that the purchaser at the tax sales gave to the owner of the land the notice required by the statute. In respect to the question before us chapter 135 of the Laws of 1873 was amended by chapter 261 of the Laws of 1876.

Chapter 268 of the Laws of 1877, which in its application is not limited to the town of Jamaica but governs the proceedings in other towns in Queens county also, does not seem to be applicable to the question before us, because section 18 of that act, in its provisions regarding notice to the owners, applies only to parcels of land assessed as the property of residents, and it has been found by the referee, by evidence which although slight seems to me sufficient, that O'Donnell at the time of the sale and the giving of the lease was a non-resident, and there is no evidence in the case that the land was not assessed as against a non-resident.

Returning then to the provisions of chapter 261 of the Laws of 1876, we find that the time of the redemption after a sale for taxes is two years (reduced to fifteen months by chapter 268 of the Laws of 1877); that the sale does not divest the owner of his title unless the purchaser shall give six months' notice of such sale to such owner or other person interested, personally, or by leaving it at his house if a resident of the county, or if not a resident, then by depositing it in the postoffice directed to such owner or other person interested at his place of residence as stated in the instrument under which he holds; that an affidavit of the mode and manner of such service, with a copy of the notice served, shall be filed in the office of the county treasurer, and that such affidavit shall be presumptive evidence of such service. Thereafter, if the land be not redeemed, the purchaser is entitled to his lease, which is " presumptive evidence that such tax was legally imposed, and that the proceedings and sale were regular." It will be noted that the requirement of the notice precedes the time when the purchaser is entitled to his lease; and although the statute requires that the affidavit of service with a copy of the notice shall be filed with the county treasurer and shall be presumptive evidence of such service, yet the statute further provides that when the lease is given the lease itself shall be presumptive evidence that the tax was legally imposed and that the proceedings and sale were regular. I think this means that the presumption of regularity attaches to the proceedings up to the date of the giving of the lease. The presumption created by the lease supersedes the presumption created by filing the affidavit and notice, which governs until the lease is given.

The only documentary evidence in the case consists of the leases and a book produced from the department of assessments and arrears entitled " register of sales for unpaid taxes," which contains the entry of a large number of sales including those in question. Upon three of the entries, not, however, including those of the sales in question, appears the notation " notice." No certificate of the

county treasurer was produced showing that affidavits of the mode and manner of service of the notice, with a copy of the notice, were not on file, and no evidence was introduced bearing upon this subject except that a witness was called from the county treasurer's office who testified that between twelve and fifteen years ago many of the records in that office were destroyed by fire.

Under these circumstances I think that the lease furnished presumptive evidence that all the proceedings up to the time of giving the lease were regular, and that in the absence of rebutting evidence such presumption must control. If so, the appellants made out a good title to the award that had been made. I may add that it is difficult to see what standing the Attorney-General has in the case. There is no evidence that O'Donnell died without leaving heirs, and, therefore, no evidence that the property escheated to the State.

I recommend that the order be reversed and the motion granted, without costs, and that an order be entered awarding the fund to the appellants, without costs.

JAYCOX, MANNING, KELBY and YOUNG, JJ., concur.

Order reversed on the law, without costs, and motion granted, without costs. Settle order on notice before the presiding justice.